UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA
        Plaintiff,    **MEMORANDUM**
                 **OF LAW**
  v.

BALDUINO LEMOS         Docket No. 08Cv.11144
        Defendant.
-------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL OF THE COMPLAINT AND/OR IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendant, Balduino Lemos (hereinafter the "defendant"), by his attorneys, Jorge Guttlein & Associates, P.C., respectfully submit this memorandum of law in support of his motion pursuant to Federal Rules of Civil Procedure ("FRCP") 12(6)(b) for dismissal of the instant action and in opposition to plaintiff's motion for summary judgment pursuant to FRCP 56. In further support of this motion, the declaration of Jorge Guttlein, Esq., with exhibits (hereinafter "Guttlein declaration"), and the affidavit of defendant Balbuino Lemos with exhibits (hereinafter "Lemos affidavit") are submitted.

**STATEMENT OF FACTS**

The relevant facts are set forth in the Declaration of AUSA Kirti Vaidya Reddy (hereinafter "Reddy declaration"), the Guttlein declaration with exhibits and the Lemos affidávit with exhibits and may be summed as follows.

The defendant is a native and former citizen of the Dominican Republic. He is presently a U.S. citizen. He entered the U.S. as a lawful permanent resident on January 15, 1991. On or about June 27, 1996, the defendant filed a form N-400 naturalization

application with the INS.² At the time of the application, the defendant had been previously arrested in the US District Court for the District of Conneticcut. He was acquitted on all charles on July 19, 1994. On Ocotber 7, 1996 the defendant attended an interview pursuant to the application. There are indications on the N-400 application that the defendant noted that he was arrested for possession of cocaine but there is no indication of when he was arrested. It is unclear whose handwriting appears on the application. There is also a hand written indication that INS was in possession of a rap sheet. There is no indication as to who wrote the information.

It is undisputed that the defendant was arrested on July 19, 1996 for sale and/or possession of narcotics. He was convicted of Attempted Criminal Sale of Narcotics in violation NY Penal Law Section 110/220.39 on April 1, 1997. His sentence was 5 years probation. On April 15, 1997 he was sworn in as a citizen. There is no record that the defendant revealed his conviction prior to being sworn in as a citizen.

On April 30, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, ("AEDPA") was enacted which makes the respondent ineligible for a waiver of removability and/or Cancellation of Removal as a result of his conviction for Criminal Sale of a Controlled Substance.

As stipulated by the plaintiff, by letter dated March 27, 2001, pursuant to the Civil Justice Reform Act ("CJRA"), the plaintiff notified the defendant that it intended to bring a civil action in a federal court to seek the revocation of his US citizenship. Thereafter, no formal action was taken by the plaintiff until the instant complaint was filed on December 22, 2008, over seven years later.

---

² On March 1, 2003, the INS ceased to exist an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. The relevant facts occurred before the INS' dissolution and as such the agency will be referred to as the "INS".

# LEGAL ARGUMENT

## FACTS RELEVANT TO CLAIM OF LACHES
## AND/OR EQUITABLE ESTOPPEL

The defendant has been a citizen of the US since April 18, 1997, when he was naturalized. He currently resides at 1327 Southern Boulevard, Apt.#4G, Bronx, New York 10459.

The defendant has two US citizen children with Jennicer Garcia, a lawful permanent resident. The two children are Justin Lemos, born on August 11, 2003 and Lexis Lemos, born on January 20, 1996. The children attend a private school, St. Joseph's School.

Mrs. Garcia is employed as a home attendant on an essentially part-time basis. The defendant, on the other hand, works as a sales representative and earns approximately $75,000 a year working for Manhattan Beer Distributor. He has been employed there since 2003. The defendant is the main financial support for the chilidren.

The defendant is subject to mandatory removal due to the criminal conviction, pursuant to Section 237 of the INA. There is no relief for the defendant under immigration law, which would leave the children without the financial and emotional support they need.

## THE COMPLAINT SHOULD BE DISMISSED AS BARRED BY THE DOCTRINE OF EQUITABLE ESTOPPEL AND/OR LACHES

As reflected in the US Supreme Court case of *Costello v. US*, 365 U.S. 265 (1961), the government properly carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship. *Id*. The evidence justifying divestment must be "clear, unequivocal and convincing" and "it cannot be done upon a bare preponderance of evidence which leaves the issue in doubt not … the issue in doubt". *Schneiderman v. United States*, 320 U.S. 118 (1943).

Admittedly, we are not aware of any possible statute of limitations for initiating a denaturalization action. The Supreme Court in *Costello*, *supra,* left open the issue of laches and/or equitable estoppel. Arguably, they could be invoked under the right circumstances. The normal requirements to determine whether these doctrines are applicable are the following:

a) proof of lack of diligence by the party against whom the defense is asserted and

b) prejudice to the party asserting it.

It is undisputed that the mere passage of time is not enough. *See U.S. v. Oddo,* 314 F.2d 115 (2d Cir. 1963). Prejudice must be shown for such an action. We submit the defendant has shown prejudice. As reflected in his affidavit, he has been in the U.S. for almost twenty years. He has only one criminal conviction. He, along with his fiancé, support two minor US citizen children, which he has placed in private school. He earns over $75,000 as a sales distributor, a job he has held in various companies since 1997. In other words, the government has been aware that the defendant had a criminal record since 1996 and the government did not proceed with this case until almost 13 years later. During that period of government inactivity, the defendant has had an additional child who depends on him and he has also built a productive, successful career. Moreover, AEDPA's passage in the interim, makes the defendant inevitably deportable without any availability of relief.

Clearly, his extreme prejudice as a result of the government's delay is evident and this action should be dismissed and/or the government's motion for summary judgment should be denied.

## CONCLUSION

For all the foregoing reasons, the defendant's motion should be granted in its entirety.

                                        Respectfully Submitted,
                                        Jorge Guttlein & Associates
                                        Attorneys for defendant
                                        *Balduino Lemos*

                                        By: /s/ Jorge Guttlein
                                        Jorge Guttlein, Esq.
                                        291 Broadway, Suite 1500
                                        New York, New York 10007
                                        Tel: (212) 608-3188